**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Richard Masika Tete,                                                                 Civil File No. 04-975 (DWF/SRN)

            Petitioner-Appellant,

v.                                                                                                                       **ORDER**

State of Minnesota,

            Respondent-Appellee.

_____

Richard Masika Tete, *Pro Se*, #209778, Petitioner-Appellant.

Thomas R. Ragatz, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Respondent-Appellee.
_____

**INTRODUCTION**

      Petitioner, a Minnesota prison inmate, commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his 2002 state criminal conviction and sentence.  The matter was assigned to Magistrate Judge Susan Richard Nelson, who recommended that the petition be dismissed, because Petitioner defaulted his federal constitutional claims by not fairly presenting them to the Minnesota Supreme Court.  (Report and Recommendation ["R&R"] dated April 7, 2005 [Doc. No. 20].)  Petitioner filed objections to the Magistrate Judge's recommendation, but after conducting a *de*

*novo* review of the matter, this Court adopted the R&R, and ordered that this case be dismissed. (Order dated April 26, 2005 [Doc. No. 21]; Order dated May 26, 2005 [Doc. No. 29].[1])

Petitioner has filed a notice of appeal in this matter, which has been construed to also be a request for a Certificate of Appealability ("COA"). (Doc. Nos. 26, 28 and 31.) Petitioner has also recently filed (i) a motion seeking leave to proceed *in forma pauperis* ("IFP"), on appeal, (ii) a memorandum in support of his request for a COA, and a memorandum in support of his notice of appeal. (Doc. Nos. 27, 30 and 32.) For the reasons discussed below, Petitioner's request for a COA will be **DENIED**, and his IFP application will be **DENIED WITHOUT PREJUDICE**.

## DISCUSSION

A.  <u>IFP Application</u>

A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, <u>the litigant must demonstrate that he or she cannot afford to pay the full filing fee</u>. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on

---

[1] The Court originally reviewed and adopted the R&R before receiving Petitioner's objections to it. After receiving Petitioner's objections, and his motion for reconsideration, the Court reviewed the R&R a second time, and again concluded that the R&R should be adopted and the case should be dismissed.

appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application must be denied, because he has not adequately demonstrated that he is indigent. Petitioner has not offered any information regarding his current financial status, nor has he made any attempt to show that he is unable to pay the $255 filing fee for his appeal. In fact, he has not even claimed that he is unable to pay the fee; he says only: "I ask the Court to proceed in forma pauperis. I paid $5.00 fee at District level." (Doc. No. 27.)

Based on the current record, the Court has no basis to conclude that Petitioner is financially eligible for IFP status on appeal. Petitioner's current IFP application must therefore be denied.[2] The Court recognizes, however, that Petitioner may indeed be indigent (even though he has made no effort to prove that) so his IFP application will be denied without prejudice. If Petitioner believes he can establish that he is, in fact, financially eligible to proceed IFP on appeal (and if still wants to try to pursue an appeal, despite the denial of his COA request), he may file a new, more complete, IFP application.[3]

C.   Certificate Of Appealability

---

[2] Having determined that Petitioner has failed to establish his financial eligibility for IFP status, the Court need not reach the issue of whether his appeal is taken "in good faith."

[3] If Petitioner elects to re-apply for IFP status, he should submit his new application on the form prescribed for use in this District, (which is available from the Clerk's Office on request), and he should make sure that the form is fully and accurately completed.

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also*, *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In *Slack v. McDaniel*, *supra*, the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253

> mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. TVA*, 297 U.S. 288, 347 . . . (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The *Ashwander* rule should inform the court's discretion in this regard.

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in *Slack--i.e.*, "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Id.* at 485.

After again considering the record in this matter, the Court remains fully satisfied that Petitioner's habeas corpus petition was properly dismissed for the reasons discussed in the Magistrate Judge's R&R. As the Magistrate Judge correctly explained, Petitioner's habeas corpus petition cannot be entertained, because he did not fairly present any federal constitutional claims to the Minnesota Supreme Court and he therefore failed to properly preserve any such claims for federal habeas review.

In Petitioner's memorandum in support of his COA request, he claims that he fairly presented his federal constitutional claims to the Minnesota Supreme Court by citing federal case law (specifically, *Weatherford v. Bursey*, 429 U.S. 545 (1977), and *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987)). That case law, however, was cited only in Petitioner's briefs to the Minnesota Court of Appeals, and not in his Petition for Review in the Minnesota Supreme Court. In *Baldwin v. Reese*, 541 U.S. 27

(2004), the Supreme Court made it clear that state appellate courts are not expected to "read through lower court opinions or briefs" to determine whether an appellant is seeking review of a federal constitutional claim. *Id.* at 31-32 (emphasis added). Thus, Petitioner did not fairly present any federal constitutional claim to the State Supreme Court merely by citing federal case law in his brief to the State Court of Appeals.

It is not difficult to fairly present a federal constitutional claim to a state court. As the Court pointed out in *Baldwin*, that usually can be accomplished "by simply labeling the claim 'federal.'" *Id.* 32. In this case, however, the word "federal" does not appear in the Petition for Review in the Minnesota Supreme Court. Nor does that Petition cite any federal cases, or mention any specific federal constitutional principles. To the contrary, the Petition specifically calls the Minnesota Supreme Court's attention to state case law (rather than federal), by arguing that the Court of Appeals' decision is "in direct conflict with its own precedent," and that review should be granted "to ensure that the court of appeals applies its own holdings consistently and fairly." (Petition For Review [Doc. No. 10], pp. 4 and 7.)

Thus, the Court concludes, once again, that Petitioner's current habeas corpus petition cannot be adjudicated on the merits, because he did not fairly present any federal constitutional claims in his Petition for Review in the Minnesota Supreme Court. Petitioner has offered no good reason to think that any other court--including the Eighth Circuit Court of Appeals--could conclude that this action was not properly dismissed for the reasons discussed in the R&R. Furthermore, Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about

his case that might cause it to warrant appellate review. Therefore, Petitioner will not be granted a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's application for leave to proceed *in forma pauperis* on appeal (Doc. No. 27), is **DENIED WITHOUT PREJUDICE**; and

2. Petitioner's request for a Certificate of Appealability in this matter (Doc. No. 28) is **DENIED**.

Dated: June 6, 2005                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       Judge of United States District Court